# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 21, 2009

Charles R. Fulbruge III
Clerk

No. 08-40478
Summary Calendar

NATH CROCKETT WOMACK

Petitioner-Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Texas

Before JONES, Chief Judge, and GARZA and BENAVIDES, Circuit Judges.

PER CURIAM:

Following a jury trial, Nath Crockett Womack, Texas prisoner # 803963, was convicted of murder and was sentenced to serve life in prison. Initially, Womack did not file a petition for discretionary review (PDR) with respect to this judgment, but the Texas Court of Criminal Appeals later granted him authorization to proceed with an out-of-time PDR.

The instant appeal arises from the district court's denial of Womack's 28 U.S.C. § 2254 habeas corpus petition as untimely. This denial was grounded in the district court's determination that Womack's out-of-time PDR did not toll the period for filing his § 2254 petition or otherwise affect the limitations period

found in 28 U.S.C. § 2244(d). Relying upon *Jimenez v. Quarterman*, 129 S. Ct. 681 (2009), Womack argues that this decision was incorrect and that the time for filing his § 2254 petition began to run after the conclusion of proceedings related to his out-of-time PDR. The Respondent agrees that the district court incorrectly dismissed Womack's § 2254 petition as untimely in light of *Jimenez* and requests that the judgment be vacated and the case remanded for further proceedings.

This court conducts a de novo review of the district court's determination that Womack's § 2254 petition was untimely. *See Emerson v. Johnson*, 243 F.3d 931, 932 (5th Cir. 2001). In *Jimenez*, the Court held that "where a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet 'final' for purposes of § 2244(d)(1)(A)." 129 S. Ct. at 686. Consequently, the district court's determination of untimeliness was incorrect on the facts before us. Moreover, Womack's petition complies with *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), insofar as it also raises reasonably debatable claims of the denial of constitutional rights. *See Jimenez*, 129 S. Ct. at 684 n.3 (emphasizing *Slack*'s requirement that, when a district court denies a habeas petition on procedural grounds, an appellate court should grant a Certificate of Appealability only if the prisoner shows that reasonable jurists could debate both whether the petition states a valid claim of constitutional violation and whether the district erred procedurally).

We VACATE the judgment of the district court and REMAND for further proceedings consistent with *Jimenez*. We express no opinion on the ultimate disposition of Womack's § 2254 petition.