# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 6, 2010

Lyle W. Cayce
Clerk

No. 07-50857
Summary Calendar

PETE GUTIERREZ,

Petitioner-Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:06-CV-917

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Pete Gutierrez, Texas prisoner # 1030607, was convicted in 2001 of murder and sentenced to 50 years in prison. After his conviction was affirmed on direct appeal, Gutierrez filed a state postconviction application seeking leave to file an out-of-time petition for discretionary review (PDR), which was granted. After the Texas Court of Criminal Appeals refused the PDR in 2004, Gutierrez unsuccessfully sought certiorari from the Supreme Court. He then brought a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

state postconviction application challenging his conviction.  After relief was denied, he filed the instant 28 U.S.C. § 2254 petition on November 9, 2006, when he deposited it in the prison mail system.  *See Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998).

The district court dismissed the petition as barred by the applicable one-year statute of limitations, concluding, in light of *Salinas v. Dretke*, 354 F.3d 425 (5th Cir. 2004), that the out-of-time PDR did not reinstate the direct review process for purposes of resetting the federal limitations period.  Gutierrez now seeks a certificate of appealability (COA) to appeal that determination.

In order to obtain a COA, the movant must make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(1)(A), (2).  When, as here, the district court's denial of federal habeas relief is based solely on procedural grounds, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Following the district court's dismissal of Gutierrez's petition, the Supreme Court held that when "a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet 'final' for purposes of" the one-year limitations period.  *Jimenez v. Quarterman*, __ U.S. __, 129 S. Ct. 681, 686 (2009).  Although the district court did not have the benefit of the Supreme Court's opinion in *Jimenez*, its reliance on *Salinas* to conclude that Gutierrez's petition was untimely was, in light of *Jimenez,* erroneous.  *See Womack v. Thaler*, 591 F.3d 757, 757-58 (5th Cir. 2009).  Thus, Gutierrez has shown that reasonable jurists would debate the correctness of the district court's procedural ruling.  Further, we conclude that Gutierrez has satisfied the COA standard with respect to whether reasonable jurists would

debate that his petition states a valid constitutional claim. *See Houser v. Dretke*, 395 F.3d 560, 562 (5th Cir. 2004).

For the foregoing reasons, we GRANT Gutierrez a COA on whether his petition was barred by the statute of limitations in light of *Jimenez*, we VACATE the district court's judgment, and we REMAND for further proceedings consistent with *Jimenez*. *See Womack*, 591 F.3d at 758; *Whitehead v. Johnson,* 157 F.3d 384, 388 (5th Cir. 1998). We express no opinion on the ultimate disposition of Gutierrez's § 2254 petition.