# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 13, 2010

Lyle W. Cayce
Clerk

No. 08-30902
Summary Calendar

ANTHONY STOKES,

Petitioner-Appellant

v.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:08-CV-806

Before KING, STEWART and HAYNES, Circuit Judges.

PER CURIAM:[*]

Anthony Stokes, Louisiana prisoner # 477774, seeks a certificate of appealability (COA) to appeal the dismissal with prejudice of his 28 U.S.C. § 2254 petition as time barred. In his § 2254 application Stokes challenged his conviction of second degree murder and the resulting sentence of life imprisonment. The district court's timeliness determination was, in part, based upon its conclusion that Stokes's conviction became final prior to the conclusion

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of his out-of-time appeal for purposes of the limitation period set forth in 28 U.S.C. § 2244(d)(1)(A).

A COA may be issued only if the applicant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). When the district court's denial of § 2254 relief is based on procedural grounds without analysis of the underlying constitutional claims, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

After the district court issued its judgment in this case, the Supreme Court held that "where a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet 'final' for purposes of § 2244(d)(1)(A)." *Jimenez v. Quarterman*, 129 S. Ct. 681, 686 (2009). Thus, "'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review' must reflect the conclusion of the out-of-time direct appeal, or the expiration of the time for seeking review of that appeal." *Id.* at 686-87; *see also Womack v. Thaler*, 591 F.3d 757 (5th Cir. 2009) (applying *Jimenez*). Consequently, jurists of reason could debate the propriety of the district court's procedural ruling. *See Slack*, 529 U.S. at 484. Jurists of reason could likewise debate whether Stokes's § 2254 application "states a valid claim of the denial of a constitutional right." *Id.*

We therefore grant a COA, vacate the district court's dismissal of Stokes's § 2254 application as untimely, and remand the matter to the district court for further proceedings consistent with *Jimenez* and *Womack*. *See Houser v. Dretke*, 395 F.3d 560, 562 (5th Cir. 2004); *Whitehead v. Johnson*, 157 F.3d 384, 387-88 (5th Cir. 1998).

COA GRANTED; JUDGMENT VACATED; CASE REMANDED.