# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 17, 2010

No. 08-40687
Summary Calendar

Lyle W. Cayce
Clerk

MICHAEL WAYNE CRAIG,

Petitioner-Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:07-CV-167

Before DAVIS, SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

Michael Wayne Craig, Texas prisoner # 1085917, was convicted in 2002 of driving while intoxicated (third or more offense) and sentenced to life imprisonment. After his conviction was affirmed on direct appeal, Craig obtained leave to file an out-of-time petition for discretionary review (PDR). The PDR was refused in April 2007, and Craig did not seek certiorari from the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Supreme Court. He filed the instant 28 U.S.C. § 2254 petition on October 31, 2007.

The district court dismissed the petition as barred by the applicable one-year statute of limitations, holding, in light of *Salinas v. Dretke*, 354 F.3d 425 (5th Cir. 2004), that the out-of-time PDR did not reinstate the direct review process for purposes of resetting the federal limitation period. Craig now seeks a certificate of appealability (COA) to appeal that determination. A COA will not issue unless Craig makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)(A), (2). When, as here, the district court's denial of federal habeas relief is based solely on procedural grounds, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

After the district court dismissed Craig's petition, the Supreme Court held that when "a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet final for purposes of" the one-year limitation period. *Jimenez v. Quarterman*, _ U.S. _ , 129 S. Ct. 681, 686 (2009) (internal quotation marks omitted). Although the district court did not have the benefit of the Supreme Court's opinion in *Jimenez*, its reliance on *Salinas* to conclude that Craig's petition was untimely was, in light of *Jimenez,* erroneous. *See Womack v. Thaler*, 591 F.3d 757, 757-58 (5th Cir. 2009). Thus, Craig has shown that reasonable jurists would debate the correctness of the district court's procedural ruling. On the record before us, we conclude further that Craig has satisfied the COA standard with respect to averring a facially valid constitutional claim. *See Houser v. Dretke*, 395 F.3d 560, 562 (5th Cir. 2004).

No. 08-40687

For the foregoing reasons, we GRANT Craig a COA on the question whether his petition was barred by the statute of limitations in light of *Jimenez*, we VACATE the district court's judgment, and we REMAND to the district court to address the merits of the habeas claims in the first instance. *See Womack*, 591 F.3d at 758; *Whitehead v. Johnson,* 157 F.3d 384, 388 (5th Cir. 1998). We express no opinion on the ultimate disposition of Craig's § 2254 petition.