# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 24, 2010

Lyle W. Cayce
Clerk

No. 08-40831
Summary Calendar

WILLIE L RAY,

Petitioner–Appellant,

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION,

Respondent–Appellee.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:08-CV-149

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

Willie L. Ray, Texas prisoner # 1210691, seeks a certificate of appealability (COA) to appeal the district court's dismissal of his 28 U.S.C. § 2254 petition as time barred under the Antiterrorism and Effective Death Penalty Act's (AEDPA) one-year limitations period. *See* 28 U.S.C. § 2244(d). In his petition, Ray sought to challenge his 2003 aggravated assault conviction and 45-year sentence of imprisonment.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

To obtain a COA, Ray must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When, as here, the district court's denial of relief is based upon procedural grounds without analysis of the underlying constitutional claims, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The district court dismissed Ray's § 2254 petition as barred by the applicable one-year statute of limitations. This dismissal was based on the district court's conclusion that, in light of *Salinas v. Dretke*, 354 F.3d 425 (5th Cir. 2004), Ray's out-of-time petition for discretionary review was not part of the direct review process for purposes of calculating the federal limitations period.

Following the district court's dismissal of Ray's petition, the Supreme Court held that when "a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet 'final' for purposes of" the one-year limitations period. *Jimenez v. Quarterman*, 129 S. Ct. 681, 686 (2009). Although the district court did not have the benefit of the Supreme Court's opinion in *Jimenez*, its reliance on *Salinas* to conclude that Miller's petition was untimely was, in light of *Jimenez,* erroneous. *See Womack v. Thaler*, 591 F.3d 757, 757-58 (5th Cir. 2009). Consequently, Ray has shown that reasonable jurists would debate the correctness of the district court's procedural ruling. Further, we conclude that Ray has satisfied the COA standard with respect to whether reasonable jurists would debate that his petition states a valid constitutional claim. *See Houser v. Dretke*, 395 F.3d 560, 562 (5th Cir. 2004).

For the foregoing reasons, Ray's motion for a COA is GRANTED on the issue whether this petition was barred by the statute of limitations; his motion

for leave to proceed in forma pauperis is GRANTED; the district court's judgment dismissing Ray's § 2254 petition as time barred is VACATED; and this matter is REMANDED to the district court for further proceedings. *See Womack*, 591 F.3d at 758; *Whitehead v. Johnson,* 157 F.3d 384, 388 (5th Cir. 1998). Ray's motions for appointment of appellate counsel and to expedite the appeal are DENIED. We express no opinion on the ultimate disposition of Ray's § 2254 petition.