# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 19, 2010

Lyle W. Cayce
Clerk

No. 08-30969
Summary Calendar

DANIEL BOWENS,

Plaintiff-Appellant

V.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY,

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:05-CV-5714

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Daniel Bowens, Louisiana prisoner # 297206, was convicted in 1995 of second degree murder and sentenced to life in prison. His conviction was affirmed on direct appeal after his appellate counsel filed an errors patent brief. Bowens later filed a state habeas application seeking leave to file a new appeal because of appellate counsel's ineffective assistance of counsel, which was granted. After his conviction was again affirmed, Bowens again sought habeas relief in the state courts, which was ultimately denied by the state supreme

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court on June 24, 2005. Thereafter, he filed the instant 28 U.S.C. § 2254 petition on September 6, 2005, when he deposited it in the prison mail system. See Spotville v. Cain, 149 F.3d 374, 376-78 (5th Cir. 1998).

The district court dismissed the petition as barred by the applicable one-year statute of limitations, concluding, in light of Salinas v. Dretke, 354 F.3d 425 (5th Cir. 2004), that the out-of-time appeal did not reinstate the direct review process for purposes of resetting the federal limitations period. Bowens now seeks a certificate of appealability (COA) to appeal that determination and leave to proceed in forma pauperis (IFP) on appeal.

In order to obtain a COA, the movant must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)(A), (2). When, as here, the district court's denial of federal habeas relief is based solely on procedural grounds, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Following the district court's dismissal of Bowens's § 2254 petition, the Supreme Court held that when "a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet 'final' for purposes of" the one-year limitations period. Jimenez v. Quarterman, 129 S. Ct. 681, 686 (2009). Similarly, in Womack v. Thaler, 591 F.3d 757, 757 (5th Cir. 2009), this court held that Womack's out-of-time petition for discretionary review tolled the one-year limitations period in 28 U.S.C. § 2244(d).

In light of Jimenez and Womack, Bowens has shown that reasonable jurists would debate the correctness of the district court's procedural ruling. Further, Bowens has satisfied the second prong of Slack as to whether

2

reasonable jurists would debate that his petition states a valid constitutional claim. See Houser v. Dretke, 395 F.3d 560, 562 (5th Cir. 2004).

For the foregoing reasons, we GRANT Bowens's IFP motion, we GRANT Bowens a COA on whether his petition was barred by the statute of limitations in light of Jimenez and Womack, we VACATE the district court's judgment, and we REMAND for further proceedings consistent with Jimenez. See Womack, 591 F.3d at 758; Whitehead v. Johnson, 157 F.3d 384, 388 (5th Cir. 1998). We express no opinion on the ultimate disposition of Bowens's § 2254 petition.