# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 7, 2010

Lyle W. Cayce
Clerk

No. 08-10797
Summary Calendar

RANDALL L BANKS

Petitioner-Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:08-CV-45

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Randall L. Banks, Texas prisoner # 1084188, seeks a certificate of appealability (COA) to appeal the dismissal with prejudice of his 28 U.S.C. § 2254 petition as time barred. The district court's timeliness determination was grounded in its conclusion that Banks's out-of-time petition for discretionary review (PDR) did not toll the period for filing his § 2254 petition or otherwise affect the limitations period found in 28 U.S.C. § 2244(d).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

A COA may be issued only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). When the district court's denial of § 2254 relief is based on procedural grounds without analysis of the underlying constitutional claims, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

After the district court issued its judgment in this case, the Supreme Court held that "where a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet 'final' for purposes of § 2244(d)(1)(A)." *Jimenez v. Quarterman*, 129 S. Ct. 681 (2009). In *Womack v. Thaler*, 591 F.3d 757 (5th Cir. 2009), this court extended the rationale of *Jimenez* to a case where the state court granted a criminal defendant the right to file an out-of-time PDR. Consequently, jurists of reason could debate the propriety of the district court's procedural ruling. *See Slack*, 529 U.S. at 484. Jurists of reason could likewise debate whether Banks's § 2254 petition "states a valid claim of the denial of a constitutional right." *Id.*

We therefore grant a COA, vacate the district court's dismissal of Banks's § 2254 petition as untimely, and remand the matter to the district court for further proceedings consistent with *Jimenez* and *Womack. See Houser v. Dretke*, 395 F.3d 560, 562 (5th Cir. 2004); *Whitehead v. Johnson*, 157 F.3d 384, 387-88 (5th Cir. 1998). Banks's motions for leave to file a supplemental brief and for consideration of *Jimenez* are also granted.

MOTIONS GRANTED; JUDGMENT VACATED; CASE REMANDED.