# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 22, 2010

No. 07-10962
Summary Calendar

Lyle W. Cayce
Clerk

STACY EUGENE MILLER,

Petitioner-Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:06-CV-1221

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Following a jury trial, Stacy Eugene Miller, Texas prisoner # 910804, was convicted of theft of property with a value of at least $200,000, and the trial court sentenced him to serve 30 years in prison. The intermediate appellate court affirmed his conviction on direct appeal, and Miller filed a state postconviction application seeking leave to file an out-of-time petition for discretionary review (PDR), which was granted. After the Texas Court of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Criminal Appeals (TCCA) refused the PDR, Miller brought a state postconviction application challenging his conviction; the TCCA denied this application.

Miller then sought relief in federal court by filing the instant 28 U.S.C. § 2254 petition, which the district court dismissed as barred by the applicable one-year statute of limitations. This dismissal was based on the district court's conclusion that, in light of *Salinas v. Dretke*, 354 F.3d 425 (5th Cir. 2004), Miller's out-of-time PDR was not part of the direct review process for purposes of calculating the federal limitations period. We are now presented with Miller's request for a certificate of appealability (COA) to appeal that determination.

In order to obtain a COA, one must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)(A), (2). When, as is the case here, the district court's denial of federal habeas relief is based solely on procedural grounds, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Following the district court's dismissal of Miller's petition, the Supreme Court held that when "a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet 'final' for purposes of" the one-year limitations period. *Jimenez v. Quarterman*, __ U.S. __, 129 S. Ct. 681, 686 (2009). Although the district court did not have the benefit of the Supreme Court's opinion in *Jimenez*, its reliance on *Salinas* to conclude that Miller's petition was untimely was, in light of *Jimenez,* erroneous. *See Womack v. Thaler*, 591 F.3d 757, 757-58 (5th Cir. 2009). Consequently, Miller has shown that reasonable jurists would debate the correctness of the district court's procedural ruling. Further, we conclude that Miller has satisfied the COA standard with respect to whether reasonable jurists would debate that

2

his petition states a valid constitutional claim. *See Houser v. Dretke*, 395 F.3d 560, 562 (5th Cir. 2004).

For the foregoing reasons, we GRANT Miller a COA on the issue whether his petition was barred by the statute of limitations in light of *Jimenez*, we VACATE the district court's judgment, and we REMAND for further proceedings consistent with *Jimenez. See Womack*, 591 F.3d at 758; *Whitehead v. Johnson,* 157 F.3d 384, 388 (5th Cir. 1998). We express no opinion on the ultimate disposition of Miller's § 2254 petition.