# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 6, 2011

No. 10-50319

Lyle W. Cayce
Clerk

ALFRED HERNANDEZ,

Petitioner–Appellant

v.

RICK THALER, Director, Texas Department of Criminal Justice, Correctional
Institutions Division,

Respondent–Appellee

Appeal from the United States District Court
for the Western District of Texas

Before HIGGINBOTHAM, SMITH, and ELROD, Circuit Judges.

PER CURIAM:

In substance, petitioner–appellant Alfred Hernandez seeks a certificate of
appealability (a "COA") granting him permission to appeal the district court's
denial of his motion for relief from judgment under Federal Rule of Civil
Procedure 60(b)(6). The judgment in question applied the then-controlling rule
of *Salinas v. Dretke*[1] and dismissed Hernandez's habeas petition as barred by
limitations. Hernandez argues that if the district court had applied the rule
announced in *Jimenez v. Quarterman*,[2] it would have determined that his

---

[1] 354 F.3d 425 (5th Cir. 2004), *overruled by Jimenez v. Quarterman*, 555 U.S. 113 (2009).

[2] 555 U.S. 113 (2009).

No. 10-50319

petition was timely filed. On this point, Hernandez is right. Where he is wrong is on his claim that the Supreme Court's announcement of a new method of calculating the limitations period under the Antiterrorism and Effective Death Penalty Act ("AEDPA") is the kind of extraordinary circumstance that warrants relief under Rule 60(b)(6). This latter claim is foreclosed by the binding precedent of this court and the Supreme Court. As a result, we deny Hernandez's motion for a COA.

## I.

A Texas jury convicted Hernandez of aggravated robbery in 1997, and the trial court sentenced him to a term of forty-five years imprisonment. The Thirteenth Court of Appeals in Corpus Christi affirmed his conviction on January 6, 2000. Hernandez did not file a petition for discretionary review with the Texas Court of Criminal Appeals ("the CCA"), so his conviction became final on March 7, 2000.[3] According to Hernandez, his attorney never informed him that the court of appeals had denied his appeal or that he had a right to file a petition for discretionary review with the CCA. Instead, Hernandez states, he did not learn his conviction had been affirmed "until about two years later" when he sent an inquiry to the CCA.

Hernandez filed a state application for a writ of habeas corpus on June 17, 2003, more than three years after his conviction became final. His state habeas application alleged claims of ineffective assistance of counsel at trial, ineffective assistance of counsel on appeal, and prosecutorial misconduct. In December 2004, the CCA granted the application in part, authorizing Hernandez to file an

---

[3] Hernandez filed a motion for reconsideration in the court of appeals, which the court denied on Friday, February, 3, 2000. He had thirty days from Monday, February 6, 2000, to file a petition for discretionary review. *See* TEX. R. APP. P. 68.2(a); *id.* 4.1(a). *See generally Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) (explaining that when a defendant halts his appeal before he has an opportunity to petition the Supreme Court for certiorari, his conviction becomes final under AEDPA "when the time for seeking further direct review in the state court expires").

out-of-time petition for discretionary review and ordering Hernandez "returned to the point at which he can file a meaningful petition." Hernandez filed a petition for discretionary review in January 2005, and the CCA denied it on March 16, 2005.

A little more than two months later, on May 27, 2005,[4] Hernandez filed his federal habeas petition. The Western District of Texas docketed the petition under cause number 5:05-cv-0533. Hernandez's federal habeas petition raised the same three claims his state habeas application raised. On May 4, 2006, the district court issued a memorandum opinion and order in which it concluded that Hernandez's petition was barred by AEDPA's statute of limitations.[5] The same day, the district court entered a final judgment. The judgment contained several errors,[6] but it is clear from the record that Hernandez, the district court, and this court all understood that his petition had been dismissed on limitations grounds.[7] In December 2006, this court denied Hernandez's motion for a COA.

Fast forward three-and-a-half years. On March 16, 2010, Hernandez filed a document that the district court treated as a second habeas petition. For reasons we explain below, we ultimately conclude this filing should have been

---

[4] The district court did not docket the petition until June 1, 2005, but under the prison mailbox rule Hernandez's petition is deemed to have been filed on the date he placed it in the prison mail system. *See, e.g.*, *Stoot v. Cain*, 570 F.3d 669, 671 (5th Cir. 2009) (per curiam).

[5] *See generally* 28 U.S.C. § 2244(d)(1)(A); *Salinas*, 354 F.3d at 429–31.

[6] The judgment named Hernandez in the caption and listed the correct cause number, but the body of the judgment—instead of stating that petitioner Hernandez's petition was dismissed with prejudice as barred by the statute of limitations—stated that petitioner Daniel's petition was dismissed without prejudice for failure to exhaust state remedies.

[7] Hernandez sought a COA from the district court, which denied it "for the reasons stated in this Court's Memorandum Opinion and Order . . . dismissing [Hernandez's] petition as barred by limitations." Hernandez filed with this court a motion for a COA, which stated that he was "requesting permission to appeal the district court's denial of Petitioner's petition for a writ of habeas corpus as 'time-barred' pursuant to the [AEDPA]." And this court's order denying Hernandez's motion for a COA noted that "[t]he district court held that the petition was time-barred" and summarized Hernandez's argument that the limitations period should have been calculated under 28 U.S.C. § 2244(d)(1)(D) instead of § 2244(d)(1)(A).

No. 10-50319

construed as a motion for relief from judgment under Rule 60(b)(6).  However, the district court construed this filing to be a new, stand-alone habeas petition and docketed it under a separate cause number: 5:10-cv-0219.  On March 30, 2010, the district court dismissed the new petition because it was a second or successive petition filed without authorization from this court[8] and because it was barred by limitations.  The district court also denied a COA.

On April 12, 2010, Hernandez timely filed a notice of appeal under cause number 5:05-cv-0533 that stated "that petitioner wishes to appeal this court's decision of March 30, 2010."  However, the district court did not enter any orders in cause number 5:05-cv-0533 on March 30, 2010.  The order of March 30, 2010, was entered under cause number 5:10-cv-0219.  Hernandez never filed a notice of appeal that listed cause number 5:10-cv-0219.

## II.

AEDPA allows a petitioner to appeal a district court's final order in a § 2254 proceeding only if either this court or the district court issues a COA.[9]  "'When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim,' as here, a certificate of appealability should issue only when the prisoner shows both 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'"[10]

---

[8] *See* 28 U.S.C. § 2244(a)(3)(A).

[9] *See* 28 U.S.C. § 2253(c)(1)(A); R. § 2254 CASES 11(a); *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003).

[10] *Jimenez*, 129 S. Ct. at 684 n.3 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

No. 10-50319

A.

Before turning to the merits of Hernandez's motion for a COA, we pause to assure ourselves of our jurisdiction.[11]  Habeas proceedings are civil actions,[12] and the timely filing of a notice of appeal is a jurisdictional prerequisite to a civil appeal.[13]  Hernandez seeks to appeal an order entered on March 30, 2010, in cause number 5:10-cv-0219, but he filed his notice of appeal in cause number 5:05-cv-0533.  We must determine whether Hernandez's error in listing the wrong cause number on his notice of appeal divests us of jurisdiction to consider his motion for a COA.

We conclude that it does not.  The Federal Rules of Appellate Procedure "have for their primary purpose the securing of speedy and inexpensive justice in a uniform and well ordered manner; they were not adopted to set traps and pitfalls by way of technicalities for unwary litigants."[14]  In accordance with that purpose, "a policy of liberal construction of notices of appeal prevails in situations where the intent to appeal . . . [a] mislabeled ruling is apparent and there is no prejudice to the adverse party.  The party who makes a simple mistake in designating the judgment appealed from does not forfeit his right of appeal where the intent to pursue it is clear."[15]  We have previously held that the

---

[11] *See United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (per curiam) ("'[W]e must always be sure of our appellate jurisdiction and, if there is doubt, we must address it, sua sponte if necessary.'" (quoting *Castaneda v. Falcon*, 166 F.3d 799, 801 (5th Cir. 1999))).

[12] *Woodford v. Ngo*, 548 U.S. 81, 91 n.2 (2006) ("'Habeas corpus is an original civil remedy for the enforcement of the right to personal liberty, rather than a stage of the state criminal proceedings or as an appeal therefrom.'" (quoting *Fay v. Noia*, 372 U.S. 391, 423–24 (1963) (brackets and ellipses omitted))).

[13] *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

[14] *Des Isles v. Evans*, 225 F.2d 235, 236 (5th Cir. 1955).

[15] *C.A. May Marine Supply Co. v. Brunswick Corp.*, 649 F.2d 1049, 1056 (5th Cir. July 1981) (per curiam) (internal citations omitted); *see also* FED. R. APP. P. 3 advisory committee note, 1979 Amendments ("[S]o long as the function of notice is met by the filing of a paper indicating an intention to appeal, the substance of the rule has been complied with."); *Smith*

mistake of a party whose attorney inadvertently listed the wrong case number on a notice of appeal was "excusable neglect" where the attorney recognized the mistake and moved to amend the notice.[16]  Today we adopt the view previously expressed by the Seventh,[17] Ninth,[18] Eleventh,[19] and Federal[20] Circuits that even when an appellant has not moved to correct his mistake in listing an incorrect docket number, the notice of appeal is still effective so long as the "the intent to appeal from a specific ruling can fairly be inferred by probing the notice and the other party was not misled or prejudiced."[21]

Here, Hernandez's notice of appeal clearly states his intention to appeal the district court's order of March 30, 2010. The arguments in Hernandez's memorandum of law in support of his motion for a COA also make it apparent that he is challenging the March 30, 2010 order.  That he listed the wrong cause number on the notice does not make his intention any less apparent.[22]   In

---

*v. Barry*, 502 U.S. 244, 248–49 (1992) ("While a notice of appeal must specifically indicate the litigant's intent to seek appellate review, the purpose of this requirement is to ensure that the filing provides sufficient notice to other parties and the courts. Thus, the notice afforded by a document . . . determines the document's sufficiency as a notice of appeal. If a document filed within the time specified by Rule 4 gives the notice required by Rule 3, it is effective as a notice of appeal." (internal citations omitted)); *Turnbull v. United States*, 929 F.2d 173, 177 (5th Cir. 1991) ("[A] notice that substantially complies with the rules may bestow jurisdiction over an appeal." (citing *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 315–16 (1988))).

[16] *Marshall v. Hope Garcia Lancarte*, 632 F.2d 1196, 1197 (5th Cir. Unit A 1980) (citing FED. R. APP. P. 4(a)(5)).

[17] *Scherer v. Kelley*, 584 F.2d 170, 174–75 (7th Cir. 1978).

[18] *Trs. of the Constr. Indus. & Laborers Health & Welfare Trust v. Hartford Fire Ins. Co.*, 578 F.3d 1126, 1128 (9th Cir. 2009) (per curiam).

[19] *United States v. Grant*, 256 F.3d 1146, 1150–51 (11th Cir. 2001).

[20] *Galloway v. Dep't. of Agric.*, No. 2009-3279, 2010 WL 4008017, at *3 (Fed. Cir. Oct. 13, 2010) (per curiam) (unpublished).

[21] *See Sanabria v. United States*, 437 U.S. 54, 67 n.21 (1978).

[22] Below, *see infra* section II(B), we conclude that Hernandez's March 16, 2010 filing should not have been docketed as a second petition and assigned a new cause number.  Rather,

No. 10-50319

addition, there is no prejudice to the state, which is not required to file a response to Hernandez's motion for a COA.[23]   Therefore, we conclude that the notice of appeal that Hernandez filed on April 12, 2010, satisfies the requirements of 28 U.S.C. § 2107 and Federal Rule of Appellate Procedure 4(a)(1), giving us jurisdiction to decide the merits of his motion for a COA.[24]

B.

We conclude that Hernandez's filing of March 16, 2010, should be construed as a motion under Federal Rule of Civil Procedure 60(b)(6) for relief from the judgment entered in cause number 5:05-cv-0533.   It is true that

---

it should have been docketed as a Rule 60(b)(6) motion and filed in the original habeas proceeding—the proceeding whose cause number Hernandez listed on his notice of appeal.  In light of this conclusion, Hernandez's intent is self-evident.

[23] *See Holt v. LeMaster*, 161 F.3d 17, No. 98-2072, 1998 WL 647857, at *1 (10th Cir. 1998) (unpublished table disposition) ("Generally, because of the jurisdictional nature of applications for certificates of appealability, a respondent is not required to file a response brief to a petitioner's application until this court issues a certificate of appealability." (citing *United States v. Simmonds*, 111 F.3d 737, 740–41 (10th Cir. 1997), *overruled on other grounds by United States v. Hurst*, 322 F.3d 1256, 1261 n.4 (10th Cir. 2003))); *see also United States v. Hadden*, 475 F.3d 652, 665 (4th Cir. 2007) ("[O]ne of the central purposes of § 2253's COA requirement is to prevent the Government from having to respond to merit-less appeals from the denial of habeas relief.").

[24] Hernandez's March 16, 2010 filing apparently prompted the district court to realize that its 2006 judgment contained several errors.  On March 25, 2010, the district court *sua sponte* vacated its prior judgment and entered a corrected judgment pursuant to its authority under Federal Rule of Civil Procedure 60(a).  On April 5, 2010, Hernandez timely filed a notice of appeal stating his intention "to appeal this court's order of March 25, 2010."  However, Hernandez's motion for a COA does not argue that the district court erred by entering the corrected judgment.  "'Although we liberally construe the briefs of pro se appellants, we also require that arguments must be briefed to be preserved.'" *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993) (quoting *Price v. Digital Equip. Corp.*, 846 F.2d 1026, 1028 (5th Cir. 1988) (per curiam)).  All of Hernandez's arguments pertain to what we construe to be his motion for relief from the judgment under Rule 60(b)(6).  Because Hernandez has not briefed any challenge to the district court's entry of the corrected judgment, we deem that challenge to have been abandoned.  *See, e.g.*, *United States v. Lopez-Velasquez*, 526 F.3d 804, 808 n.2 (5th Cir.) (per curiam) ("Arguments inadequately briefed on appeal are waived."), *cert. denied*, 129 S. Ct. 625 (2008).  Because Hernandez has abandoned any challenge to the district court's entry of a corrected judgement under Rule 60(a), we do not reach the question of whether a district court has jurisdiction to correct a judgment that this court has previously affirmed on appeal.

Hernandez, using the standard court-provided form for a petition for a writ of habeas corpus by a person in state custody, styled his March 16, 2010 filing as a habeas petition.    But *pro se* habeas petitions "are not held to the same stringent and rigorous standards as are pleadings filed by lawyers."[25] The filings of a federal habeas petitioner who is proceeding *pro se* are entitled to the benefit of liberal construction.[26]   It is the substance of the relief sought by a *pro se* pleading, not the label that the petitioner has attached to it, that determines the true nature and operative effect of a habeas filing.[27]

If Hernandez's March 16, 2010 filing is construed as a second or successive habeas petition, then it must be dismissed.[28] As a threshold matter, Hernandez failed to move this court for an order authorizing the district court to consider the petition.[29]   Further, the two claims documented in the March 16, 2010 filing—ineffective assistance of trial counsel and denial of due process due to

---

[25] *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999).

[26] *See, e.g.*, *Guidroz v. Lynaugh*, 852 F.2d 832, 834 (5th Cir. 1988); *see also Lee v. Wiman*, 280 F.2d 257, 264 (5th Cir. 1960) ("An application for habeas corpus presented by a prisoner without the aid of counsel will not be dismissed for mere technical defects, but will be considered with solicitude for the essential rights of the accused.").

[27] *See, e.g.*, *Armstrong v. Capshaw, Goss & Bowers, LLP*, 404 F.3d 933, 936 (5th Cir. 2005) ("We have frequently instructed district courts to determine the true nature of a pleading by its substance, not its label."); *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996) (en banc) ("[W]e have oft stated that the relief sought . . . should be determined by substance, not a label." (citation, internal quotation marks, and brackets omitted)); *United States v. Santora*, 711 F.2d 41, 42 n.1 (5th Cir. 1983) ("As a general proposition, review of the merits of a federal prisoner's claim is not circumscribed by the label attached.  Because the essence of the pleading controls, titling and erroneous citation of authority have been ignored." (internal citations omitted)).

[28] *See, e.g.*, *In re Flowers*, 595 F.3d 204, 205 (5th Cir. 2009) (per curiam) ("Flowers argues that he need not obtain authorization to file a second § 2254 application attacking his conviction because his first § 2254 application was dismissed as time barred. Because the claims Flowers raises in his proposed § 2254 application were or could have been raised in his first § 2254 application, which . . . was dismissed as time-barred under section 2244(d)(1)(A) . . . , the instant application is successive.  We will not consider Flowers's proposed claims to the extent they were raised in [a] first § 2254 application." (internal citations omitted)).

[29] *See* 28 U.S.C. § 2244(b)(3)(A).

prosecutorial misconduct—are identical to the two claims presented in Hernandez's 2005 habeas petition, which means the March 16, 2010 filing would be a second or successive habeas petition.[30]   And AEDPA mandates that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."[31]

We should adjudicate Hernandez's latest filing on its merits if possible,[32] and Rule 60(b)(6) provides a mechanism through which we can do so.  A habeas petitioner cannot use "Rule 60(b) to present new claims for relief from a state court's judgment of conviction" or to "attack[] the federal court's previous resolution of a claim *on the merits*."[33]   However, where a habeas petitioner "merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as . . . statute-of-limitations bar," Rule 60(b) empowers a federal court to hear the petitioner's challenge.[34] Specifically, when the petitioner's motion "alleges that the federal courts misapplied the federal statute of limitations set out in § 2244(d)," then "allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules."[35]

Liberally construed, Hernandez's March 16, 2010 filing is just such a motion.  Both the memorandum of law he attached to that filing and the brief he

---

[30] *See, e.g.*, *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998) (per curiam) ("[A] prisoner's application is not second or successive simply because it follows an earlier federal petition. Instead, . . . a later petition is successive when it . . . raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition . . . .").

[31] 28 U.S.C. § 2244(b)(1).

[32] *See supra* notes 25–27 and cases cited therein; *cf. Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999) ("We have adopted a policy in favor of resolving cases on their merits and against the use of default judgments.").

[33] *Gonzalez v. Crosby*, 545 U.S. 524, 531–32 (2005).

[34] *Id.* at 532 n.4.

[35] *Id.* at 533.

filed in support of his motion for a COA contend that the Supreme Court's decision in *Jimenez* entitles him to have his habeas petition considered on the merits. As discussed in greater detail below, *Jimenez* announced a new rule for determining when AEDPA's statute of limitations begins to run in cases in which the CCA has allowed the petitioner to file an out-of-time appeal. The substance of Hernandez's March 16, 2010 filing thus "alleges that the federal courts misapplied the federal statute of limitations set out in § 2244(d)."[36] Therefore, we construe that filing, which was docketed under cause number 5:10-cv-0219, as a motion under Federal Rule of Civil Procedure 60(b)(6) for relief from the judgment entered May 4, 2006, in cause number 5:05-cv-0533. Correspondingly, we treat the district court's order of March 30, 2010, as a denial of such a motion.

A habeas petitioner in Hernandez's situation must obtain a COA before he can appeal the denial of a Rule 60(b) motion,[37] so both the procedural posture of this appeal and our standard of review remain unchanged. "'[T]he decision to grant or deny relief under Rule 60(b) lies within the sound discretion of the district court and will be reversed only for an abuse of that discretion.'"[38] On Hernandez's motion for a COA, then, we must determine whether a jurist of

---

[36] *See id.*

[37] *See Ochoa Canales v. Quarterman*, 507 F.3d 884, 888 (5th Cir. 2007) (per curiam) ("We . . . hold that *Dunn*'s conclusion that a COA is not required to appeal the denial of a Rule 60(b) motion applies only when the purpose of the motion is to reinstate appellate jurisdiction over the original denial of habeas relief." (citing *Dunn v. Cockrell*, 302 F.3d 491 (5th Cir. 2002))); *see also Gonzalez*, 545 U.S. at 535 n.7 (characterizing the obligation of a habeas petitioner to obtain a COA before appealing the district court's denial of a Rule 60(b) motion as a "plausible and effective screening requirement").

[38] *Rocha v. Thaler*, 619 F.3d 387, 400 (5th Cir. 2010) (quoting *Williams v. Thaler*, 602 F.3d 291, 312 (5th Cir. 2010)).

reason could conclude that the district court's denial of Hernandez's motion was an abuse of discretion.[39]

## C.

Hernandez cannot demonstrate that he is entitled to relief under Rule 60(b). Subsections (1)–(5) enumerate specific grounds on which a district court may relieve a party from a final judgment, none of which is applicable here.[40] Rule 60(b)(6) authorizes a district court to relieve a party from a final judgment "for any other reason that justifies relief." "While Rule 60(b)(6) is commonly referred to as a 'grand reservoir of equitable power to do justice,' the rule is only invoked in 'extraordinary circumstances.'"[41] The circumstance on which Hernandez relies—the Supreme Court's announcement of a new method of calculating the limitations period under 28 U.S.C. § 2244(d)(1)(A)—is not the kind of extraordinary circumstance that warrants relief under Rule 60(b)(6).

Hernandez's argument for relief from the 2006 judgment arises out of a distinctive feature of Texas habeas jurisprudence. The CCA occasionally

---

[39] In his memorandum of law in support of his motion for a COA, Hernandez characterizes his March 16, 2010 filing as a habeas petition and argues that because it was filed within one year of the Supreme Court's decision in *Jimenez*, it was timely under 28 U.S.C. § 2244(d)(1)(C). We decline to accept Hernandez's characterization for two reasons. First, even assuming for the sake of argument that the petition was timely filed, it would nonetheless be dismissed as a second or successive petition filed without this court's permission. *See supra* notes 28–31 and accompanying text. Second, the petition would not have been timely filed. Subsection (d)(1)(C) provides that AEDPA's limitations period begins to run on "the date on which *the constitutional right asserted* was initially recognized by the Supreme Court" (emphasis added). The Supreme Court recognized both of the constitutional rights that Hernandez asserts—the Sixth Amendment right to effective assistance of counsel and the Fourteenth Amendment right to due process—long before January 2009. Indeed, *Jimenez* did not recognize any new constitutional rights. It merely promulgated a new interpretation of a federal statute of limitations.

[40] *See, e.g.*, *Bailey v. Ryan Stevedoring Co.*, 894 F.2d 157, 160 (5th Cir. 1990) (explaining that Rule 60(b)(5) "does not authorize relief from a judgment on the ground that the law applied by the court in making its adjudication has been subsequently overruled or declared erroneous in another and unrelated proceeding" (citation omitted)).

[41] *Rocha*, 619 F.3d at 400 (quoting *Williams*, 602 F.3d at 311).

determines that a state habeas applicant's direct appeal should be revived and that the applicant should be allowed to file an "out-of-time" petition for discretionary review in the CCA. When the CCA "grants the right to file an 'out-of-time' [petition for discretionary review], it restores the petitioner to the position he was in when he first possessed the right to petition for discretionary review."[42] AEDPA's one-year statute of limitations does not begin to run until "the conclusion of direct review or the expiration of the time for seeking such review."[43] In *Salinas*, we held that the CCA's decision to allow an out-of-time direct appeal did not reset AEDPA's one-year limitations clock.[44] The Supreme Court overruled *Salinas* in *Jimenez*, holding that "where a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet 'final' for purposes of § 2244(d)(1)(A)."[45]

The gravamen of Hernandez's Rule 60(b)(6) motion is a request to have the rule announced in *Jimenez* retroactively applied to revive the federal habeas petition he filed in 2005. Hernandez is correct that under the rule announced in *Jimenez* his federal habeas petition was timely: he actually filed his federal habeas petition *before* his out-of-time direct appeal became final.[46] But *Salinas*

---

[42] *Salinas*, 354 F.3d at 429.

[43] 28 U.S.C. § 2244(d)(1)(A).

[44] 354 F.3d at 430 ("[W]hen a petitioner convicted in the Texas system acquires the right to file an out-of-time PDR, . . . it does not require a federal court to restart the running of AEDPA's limitations period.").

[45] 129 S. Ct. at 686.

[46] Where, as here, a party seeking to challenge his sentence under § 2254 did not file a petition for certiorari with the Supreme Court following the conclusion of his state-court direct appeal, a direct appeal becomes final for AEDPA purposes when the time expires for filing a petition for certiorari challenging the state high court's affirmance of the conviction. *See, e.g.*, *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998) (citing *Caspari v. Bohlen*, 510 U.S. 383 (1994)). The time for filing a petition for certiorari expires ninety days after the state high court enters judgment, *see* SUP. CT. R. 13.1, so Hernandez's out-of-time direct appeal became final on June 14, 2005. He filed his federal habeas petition on May 27, 2005.

was still good law when the district court adjudicated Hernandez's habeas petition in 2006, and the district court was correct to conclude that, under *Salinas*, Hernandez's petition was barred by limitations: Nearly three-and-a-half years (excluding the time during which his state habeas application was pending[47]) elapsed between the conclusion of Hernandez's first direct appeal and the filing of his federal habeas petition.

Well-settled precedent dictates that Hernandez may not use Rule 60(b)(6) to claim the benefit of the Supreme Court's decision in *Jimenez*. We have previously held that "[a] change in decisional law after entry of judgment does not constitute exceptional circumstances and is not alone grounds for relief from a final judgment" under Rule 60(b)(6).[48] This rule applies with equal force in habeas proceedings under AEDPA.[49] In fact, the Supreme Court has considered and rejected the argument that a post-judgment change in the judicial interpretation of AEDPA's statute of limitations justifies relief under Rule 60(b)(6), reasoning:

> The District Court's interpretation [of the AEDPA statute of limitations] was by all appearances correct under the . . . then-prevailing interpretation of 28 U.S.C. § 2244(d)(2). It is hardly extraordinary that subsequently, after petitioner's case was no longer pending, this Court arrived at a different interpretation. . . . [N]ot every interpretation of the federal statutes setting forth the requirements for habeas provides cause for reopening cases long since final."[50]

---

[47] *See* 28 U.S.C. § 2244(d)(2).

[48] *Bailey*, 894 F.2d at 160.

[49] *See, e.g.*, *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002) ("Under our precedents, changes in decisional law . . . do not constitute the 'extraordinary circumstances' required for granting Rule 60(b)(6) relief. . . . The dicta in *Batts* suggesting that the rule for changes in decisional law might be different in the habeas corpus context because finality is not a concern is now flatly contradicted by, among other things, AEDPA." (citing *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743 (5th Cir. 1995))).

[50] *Gonzalez*, 545 U.S. at 536. Although Hernandez has not argued that he is entitled have AEDPA's statute of limitations equitably tolled, we note that he would not be entitled to

13

Direct review of Hernandez's federal habeas petition concluded in December 2006 when this court denied his first motion for a COA. Hernandez cannot use Rule 60(b)(6) to circumvent the principle that when the Supreme Court announces a new rule of law and applies it to the parties before it, the new rule is given retroactive effect only in cases that are still open on direct review.[51]

### III.

The district court's decision to enter judgment dismissing Hernandez's habeas petition as barred by limitations was correct under the law as it existed in 2006. That the law has subsequently changed does not entitle Hernandez to relief from the judgment under Rule 60(b). No jurist of reason would debate the correctness of the district court's determination that Hernandez's habeas petition remains barred by limitations. Accordingly, his motion for a COA is denied.

---

equitable tolling for substantially the same reasons he is not entitled to relief under Rule 60(b)(6). *See generally Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009) (per curiam).

[51] *See Harper v. Va. Dep't. of Taxation*, 509 U.S. 86, 97 (1993); *see also, e.g.*, *Miller v. Thaler*, 384 F. App'x 310 (5th Cir. 2010) (per curiam) (unpublished) (granting a COA and vacating and remanding the district court's dismissal of a § 2254 petition that had been dismissed as time-barred under *Salinas* where the Supreme Court issued its decision in *Jimenez* while the petitioner's appeal was still pending); *Ray v. Thaler*, 379 F. App'x 364 (5th Cir. 2010) (per curiam) (unpublished) (same); *Gutierrez v. Thaler*, 377 F. App'x 389 (5th Cir. 2010) (per curiam) (unpublished) (same).