# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

No. 12-20128
Summary Calendar

January 10, 2013

Lyle W. Cayce
Clerk

LUIS SANTOS LAGAITE, JR.,

Plaintiff-Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:02-CV-1948

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Luis Santos Lagaite, Jr., Texas prisoner # 762508, seeks a certificate of appealability (COA) to appeal the district court's denial of his motion for reconsideration of its 2002 dismissal of his 28 U.S.C. § 2254 application as time barred. He alternatively moves for authorization to file a successive § 2254 application. Lagaite was convicted in 1996 after a jury trial of capital murder and sentenced to life imprisonment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Lagaite argues that the district court erred in denying his motion for reconsideration of the dismissal of his second § 2254 application as time barred because, when it dismissed his first § 2254 application without prejudice, it did not advise him of the possibility that, absent equitable tolling, any subsequent § 2254 application could be time barred or that he could dismiss his unexhausted claims and proceed with his exhausted claims. For the first time in his COA motion to this court, he also takes issue with some of the factual findings by the district court in connection with its dismissal of his second § 2254 application as time barred, and he argues that the Antiterrorism and Effective Death Penalty Act (AEDPA) limitations period should have been tolled while his first § 2254 application was pending. In addition, for the first time before this court, he asserts that, in 2011, he discovered a 2003 letter from his appointed counsel to the trial court, advising the court that there was no biological evidence available in his case to subject to DNA testing. In connection with Lagaite's motion for a COA, we do not consider claims raised for the first time before this court. *See Henderson v. Cockrell*, 333 F.3d 592, 605 (5th Cir. 2003).

To obtain a COA, Lagaite must show that a jurist of reason could conclude that the district court's denial of his motion for reconsideration, construed here as a Federal Rule of Civil Procedure 60(b) motion, was an abuse of discretion. *See Hernandez v. Thaler*, 630 F.3d 420, 428 (5th Cir. 2011); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Lagaite has not made such a showing. *See* FED. R. CIV. P. 60(c)(1). Accordingly, his motion for a COA is denied.

To obtain authorization to file a successive § 2254 application, Lagaite must make a prima facie showing that either: (1) his claims rely on a new rule of constitutional law that was made retroactive to cases on collateral review by the Supreme Court and was previously unavailable, or (2) the factual predicate for his claims could not have been discovered previously through due diligence and the underlying facts, if proven, would establish by clear and convincing

evidence that, but for constitutional error, no reasonable trier of fact would have found him guilty of the underlying offense.  28 U.S.C. § 2244(b)(2), (b)(3)(C).

Lagaite's request for leave to file a successive § 2254 application is based upon his alleged 2011 discovery of counsel's 2003 letter, advising the state trial court that there was no biological evidence available in his case to subject to DNA testing.  As Lagaite has not made the required showing under § 2244(b)(2), his alternate motion for authorization to file a successive § 2254 application is denied.  *See* § 2244(b)(3)(C).  His motion for the appointment of counsel is also denied.

COA DENIED; MOTION FOR AUTHORIZATION TO FILE A SECOND OR SUCCESSIVE § 2254 APPLICATION DENIED; MOTION FOR APPOINTMENT OF COUNSEL DENIED.