# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-40799

United States Court of Appeals
Fifth Circuit

**FILED**

February 3, 2014

Lyle W. Cayce
Clerk

CHARLES J. DAVIS, JR.,

Petitioner-Appellant

v.

WILLIAM STEPHENS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:11-CV-412

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Charles J. Davis, Jr., Texas prisoner # 1509783, was convicted of sexual assault of a child and tampering with a witness; he was sentenced to 50 years in prison for the assault conviction and two years in prison for the tampering conviction. Davis seeks a certificate of appealability (COA) to appeal the dismissal with prejudice of his 28 U.S.C. § 2254 petition as time barred. A COA may be issued only if the petitioner "has made a substantial showing of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the denial of a constitutional right." 28 U.S.C. § 2253(c). When the district court's denial of § 2254 relief is based on procedural grounds without analysis of the underlying constitutional claims, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Under 28 U.S.C. § 2244(d)(1), in pertinent part, a petitioner must file his § 2254 petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). In general, direct review is concluded either when the Supreme Court rejects a petition for certiorari or rules on its merits, or when the 90 days allowed for a petition of certiorari to the Supreme Court following the entry of judgment by the state court of last resort expires. *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). However, "[i]f the defendant stops the appeal process before that point, the conviction becomes final when the time for seeking further direct review in the state court expires." *Id.*

The one-year period is tolled during the pendency of a properly filed application for state collateral review. § 2244(d)(2). However, state applications filed after the expiration of the limitations period do not toll the limitation period. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Davis avers that the district court erred in failing to accord him an additional 90 days for the filing of a petition for a writ of certiorari in the United States Supreme Court following the March 3, 2010, denial of his petition for discretionary review (PDR). Davis contends that with the additional 90 days, his conviction became final on June 1, 2010, and that the

limitations period thus expired a year later or June 1, 2011. He asserts that because he filed his state habeas application at the earliest on May 11, 2011, it served to toll the limitations period until its denial on August 10, 2011. Thus, Davis avers that his § 2254 petition deemed filed on August 19, 2011, was timely.

Reasonable jurists could debate whether the district court was correct in finding that, for limitations purposes, Davis's conviction was final on March 3, 2010, when the Texas Court of Criminal Appeals denied Davis's out-of time PDR, rather than June 1, 2010, when the ninety-day period for filing a petition for a writ of certiorari in the Supreme Court expired. *See Jimenez v. Quarterman*, 555 U.S. 113, 121 (2009) (holding that "where a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review must reflect the conclusion of the out-of-time direct appeal, or the expiration of the time for seeking review of that appeal; *Womack v. Thaler*, 591 F.3d 757, 575-58 (5th Cir. 2009) (remanding in light of *Jimenez* where petitioner had filed an out-of-time PDR); *Roberts*, 319 F.3d at 694 (explaining that expiration of time for seeking direct review includes the 90 days allowed for a petition to the Supreme Court). Consequently, reasonable jurists could debate the propriety of the district court's procedural ruling. *See Slack*, 529 U.S. at 484. Moreover, Davis's petition also raises reasonably debatable claims of the denial of constitutional rights. *See Jimenez*, 555 U.S. at 118 n.3; *Slack*, 529 U.S. at 484; *Womack*, 591 F.3d at 758; *Houser v. Dretke*, 395 F.3d 560, 562 (5th Cir. 2004).

We therefore grant a COA, vacate the district court's dismissal of Davis's § 2254 petition, and remand the matter to the district court for further

No. 13-40799

proceedings. We express no opinion on the ultimate disposition of Davis's § 2254 petition.

MOTION GRANTED; JUDGMENT VACATED; CASE REMANDED.