**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 14-7298

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

        v.

MICHAEL SPEED,

             Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   J. Frederick Motz, Senior District
Judge.  (1:10-cr-00700-JFM-1; 1:14-cv-00583-JFM)

Submitted:  January 26, 2015          Decided:  March 2, 2015

Before NIEMEYER, KING, and KEENAN, Circuit Judges.

Remanded by unpublished per curiam opinion.

Michael Speed, Appellant Pro Se.  Benjamin M. Block, OFFICE OF
THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Speed seeks to appeal the district court's order denying his 28 U.S.C. § 2255 (2012) motion. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012). Before determining whether Speed has satisfied the requirements necessary for issuance of a certificate of appealability, however, this court must assure itself that Speed timely appealed the district court's dismissal order. See Bowles v. Russell, 551 U.S. 205, 214 (2007) ("[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement."); see also Hernandez v. Thaler, 630 F.3d 420, 424 (5th Cir. 2011) ("Before turning to the merits of Hernandez's motion for a [certificate of appealability], we pause to assure ourselves of our jurisdiction. Habeas proceedings are civil actions, and the timely filing of a notice of appeal is a jurisdictional prerequisite to a civil appeal.") (footnotes omitted).

When, as here, the United States or its officer or agency is a party to an action, a notice of appeal must be filed no more than sixty days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P.

4(a)(6). The district court entered its order denying Speed's § 2255 motion on June 19, 2014, making Speed's notice of appeal due no later than August 18, 2014. Speed's notice of appeal was not filed until August 25, 2014 and, thus, was untimely filed.

Despite the foregoing, we find error in the district court's handling of Speed's July 9, 2014 correspondence, which the district court construed as an inquiry into the status of Speed's case. Speed's July 9, 2014 correspondence—which was filed within the time for making a Fed. R. Civ. P. 59(e) motion[*]—explicitly informed the district court that it neglected to rule on the ineffective assistance of counsel claims Speed raised in his motion to amend his § 2255 motion, which was granted by the district court. Moreover, in that correspondence, Speed explicitly asked the district court for direction on how to proceed by asking whether he should note an appeal to this court or file a reconsideration motion in the district court. Because we conclude that the district court should have construed Speed's July 9, 2014 correspondence as a Rule 59(e) motion, we remand this matter to the district court to allow it to docket Speed's July 9, 2014 correspondence as a Rule 59(e) motion. See Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir. 1978) (holding,

---

[*] A motion to alter or amend judgment must be made within twenty-eight days of entry of the order being challenged. Id.

3

under a prior version of Rule 59(e), that "if a post-judgment motion is filed within ten days of the entry of judgment and calls into question the correctness of that judgment it should be treated as a motion under Rule 59(e), however it may be formally styled").

Because it is unclear whether the district court considered the ineffective assistance of counsel claims Speed raised in his amended § 2255 motion, and since it is imperative that the district court be given an opportunity to review those claims in the first instance, we find that allowing the district court to rule on the merits of Speed's Rule 59(e) motion would aid this appeal. See Fobian v. Storage Tech. Corp., 164 F.3d 887, 890 (4th Cir. 1999) ("Indeed, it would be both inefficient and unfortunate to require the district court to wait until the underlying appeal is completed before giving any indication of its desire to grant a pending [Fed. R. Civ. P.] 60(b) motion. Such a prohibition would likely render the initial appeal pointless in cases where the district court ultimately grants the motion following appeal.").

Accordingly, we order a limited remand and direct the district court to promptly docket Speed's July 9, 2014 correspondence as a Rule 59(e) motion and to consider the motion on its merits. If the district court concludes that the motion is meritless, it should deny it with an explanation of its

4

finding and any appeal from the district court's denial of relief will be consolidated with this appeal. If the district court is inclined to grant the motion, it must issue a short memorandum so stating, and Speed can request that this court issue a limited remand so the district court can rule on the ineffective assistance of counsel claims Speed raised in his motion to amend his § 2255 motion. If either party is dissatisfied after the district court disposes of the Rule 59(e) motion, any appeal from the district court's final order will be consolidated with this appeal. Regardless of the outcome of the Rule 59(e) motion, the record, as supplemented, will be returned to this court for further consideration.

In ordering this remand, we express no opinion as to the merits of the Rule 59(e) motion. Any statement of our views at this time would necessarily infringe on the proper role of the district court in considering the motion in the first instance. We also decline to rule at this time on whether Speed is entitled to a certificate of appealability as to the district court's order denying the § 2255 motion, but defer ruling on the application pending resolution of the Rule 59(e) motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>REMANDED</u>

5