# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

No. 15-50382
Summary Calendar

December 21, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

ALFREDO SIERRA-JAIMES, Also Known as Aliredo Sierra,
Also Known as Alfredo Jaimes Serra, Also Known as Alfredo Serra Jaimes,
Also Known as Alfredo J. Sierra, Also Known as Alfredo Sierra,

Defendant–Appellant.

\* \* \* \* \*

No. 15-50383
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

ALFREDO SIERRA-JAIMES,

Defendant–Appellant.

No. 15-50382
No. 15-50383

Appeals from the United States District Court
for the Western District of Texas
No. 1:11-CR-31-1
No. 1:15-CR-37-1

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Alfredo Sierra-Jaimes pleaded guilty of illegal reentry and received a within-guidelines sentence of 70 months of imprisonment and a three-year term of supervised release. In addition, his supervised-release term for a previous illegal-reentry conviction was revoked, and he received a within-guidelines sentence of 18 months of imprisonment to be served consecutively. Sierra-Jaimes has timely appealed both judgments, and the cases are consolidated on appeal. Because Sierra-Jaimes appeals only his sentence imposed for illegal reentry, he has waived any challenge to the revocation and his revocation sentence. *See Hernandez v. Thaler*, 630 F.3d 420, 426 n.24 (5th Cir. 2011).

Sierra-Jaimes contends that his sentence is longer than necessary to meet the goals of 18 U.S.C. § 3553(a)(2) and is thus substantively unreasonable. He urges that the sentence is too long and not entitled to the presumption of reasonableness because U.S.S.G. § 2L1.2, the illegal-reentry guideline, lacks an empirical basis and gives too much weight to prior convictions rather than to the offense conduct, effectively double-counting the prior convictions.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50382
No. 15-50383

Sierra-Jaimes also maintains that the sentence fails to reflect his reasons for returning to the United States, which he contends mitigate the seriousness of the offense, and he suggests that a 54-month sentence would have served the goals of § 3553(a).

This court assesses the substantive reasonableness of a sentence for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). The district court must make an individualized assessment based on the facts of the case in light of § 3553(a) and impose a sentence sufficient, but not greater than necessary, to comply with the goals of § 3553(a)(2). *Gall*, 552 U.S. at 49–50. "A discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable." *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008).

As Sierra-Jaimes recognizes, his argument that we should not apply the reasonableness presumption because § 2L1.2 lacks an empirical basis is foreclosed by *United States v. Mondragon-Santiago*, 564 F.3d 357, 366 (5th Cir. 2009), but he raises the issue to preserve it for further appeal. We have also rejected an argument that the guidelines overstate the seriousness of illegal reentry, *United States v. Aguirre-Villa*, 460 F.3d 681, 682–83 (5th Cir. 2006), and that § 2L1.2 effectively double counts a prior conviction, *United States v. Duarte*, 569 F.3d 528, 530 (5th Cir. 2009). Insofar as he is arguing that the 16-level increase pursuant to § 2L1.2(b)(1)(A)(ii) results in a sentence that is unjust, Sierra-Jaimes has not identified any authority to overturn the presumption of reasonableness that applies to his within-guidelines sentence. *See Duarte*, 569 F.3d at 530.

The district court considered Sierra-Jaimes's arguments, concluded that the applicable guidelines range was reasonable, and imposed a within-

guidelines sentence.  Sierra-Jaimes's contention that the sentence does not reflect his personal history and characteristics does not establish that it fails to account for a § 3553(a) factor, "give significant weight to an irrelevant or improper factor, or represents a clear error of judgment in balancing the factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).  The district court was in a superior position to find facts and assess their import under § 3553(a), and this court will not, as Sierra-Jaimes seems to urge, reweigh the district court's assessment of the § 3553(a) factors.  *See Gall*, 552 U.S. at 51–52; *Campos-Maldonado*, 531 F.3d at 339.  Sierra-Jaimes's assertions are insufficient to rebut the presumption of reasonableness.  *See United States v. Gomez-Herrera*, 523 F.3d 554, 565–66 (5th Cir. 2008).

The judgments of sentence are AFFIRMED.