# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 27, 2011

Lyle W. Cayce
Clerk

No. 10-20462
Summary Calendar

GARY L. KENNEDY,

Plaintiff-Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION; CHARLES A. WILLIAMSON, Senior Warden, Texas Department of Criminal Justice - Correctional Institutions Division, Thomas Goree Unit; DAVID C. BONE, Assistant Warden, Texas Department of Criminal Justice - Correctional Institutions Division, Thomas Goree Unit; PATRICK M. MARION, Major of Corrections, Texas Department of Criminal Justice - Correctional Institutions Division, Thomas Goree Unit; KENNETH JONES, Captain of Corrections, Texas Department of Criminal Justice - Correctional Institutions Division, Thomas Goree Unit; DOROTHEIA L. ROBERTS, Lieutenant of Corrections, Texas Department of Criminal Justice - Correctional Institutions Division, Thomas Goree Unit; KENDRA D. SHELLY, Case Manager II, Texas Department of Criminal Justice - Correctional Institutions Division, Thomas Goree Unit; CHEYENNE C. SHAW, Unit Grievance Investigator, Texas Department of Criminal Justice - Correctional Institutions Division, Thomas Goree Unit; T. RODDEY, Regional Grievance Coordinator, Texas Department of Criminal Justice - Correctional Institutions Division, Thomas Goree Unit; JOHN W. CHRISTIAN,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CV-1878

No. 10-20462

Before JOLLY, GARZA and STEWART, Circuit Judges.

PER CURIAM:[*]

Gary L. Kennedy, Texas prisoner # 610571, appeals the district court's judgment dismissing his 42 U.S.C. § 1983 suit as frivolous. Our review of the record, however, shows that it is yet not appropriate for us to consider his arguments concerning the dismissal of his suit.

Regardless whether the parties address the issue, this court must always be cognizant of the question whether it has jurisdiction to consider an action. *Hernandez v. Thaler*, 630 F.3d 420, 424 & n.11 (5th Cir. 2011). Within 28 days of entry of judgment, Kennedy filed a second amended complaint that is best classed as arising under Federal Rule of Civil Procedure 59(e) and that renders his notice of appeal ineffective until the district court rules on it. FED. R. APP. P. 4(a)(4)(B)(i). Accordingly, this case must be remanded, and the record returned, so that the district court may rule on Kennedy's postjudgment motion "as expeditiously as possible, consistent with a just and fair disposition thereof." *See Burt v. Ware*, 14 F.3d 256, 261 (5th Cir.1994). We retain jurisdiction over the appeal except for the purposes of the limited remand. Kennedy's appeal shall be held in abeyance until his notice of appeal is effective. The clerk of this court is instructed to process the appeal immediately upon the return of this case from the district court.

LIMITED REMAND; APPEAL HELD IN ABEYANCE.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.