GRAVES, Circuit Judge,
dissenting:
Because I would reverse the district court’s dismissal of Robert Brown’s federal petition for habeas corpus, I respectfully dissent. As acknowledged by the majority, Brown timely filed a petition for discretionary review (PDR) challenging his aggravated robbery conviction. However, this filing contained the cause number of his impersonation conviction. The majority notes portions of the Texas appellate procedure, but there are additional procedural facts that are relevant.
Brown was convicted in Texas of aggravated robbery and impersonation of a public servant (impersonation). The charges involved the same incident and were tried together, but were given separate cause numbers.[1] Brown appealed both convictions and each was assigned a separate appellate number. The robbery conviction was initially reversed on direct appeal, but upon rehearing, both convictions were affirmed by the Texas Court of Appeals in a single, published opinion on December 14, 2006. See Brown v. State, 212 S.W.3d 851, 856 (Tex.App.2006). The caption of this Court of Appeals decision explicitly states “Nos. 01-05-00074-CR, 01-05-00075-CR. Dec. 14, 2006. Discretionary Review Refused Aug. 22, 2007.” Id. Thereafter, counsel timely filed a petition for discretionary review (PDR) challenging only the aggravated robbery conviction. However, this PDR was filed only in the impersonation cause number. The Texas rules do not require a defendant to even state the appellate number of the case in the PDR. See Tex.R.App. P. 68.4. Brown subsequently filed a pro se motion for time to file a PDR in the impersonation cause number and later filed a pro se PDR on the impersonation conviction. The Texas Court of Criminal Appeals (CCA) refused Brown’s PDR on August 22, 2007. Either the CCA was refusing both PDRs on August 22, 2007, or the CCA never ruled on the first PDR of the aggravated robbery conviction. In any event, Brown sought *408 rehearing, which was denied September 14, 2007, with final disposition according to the CCA’s docket occurring on September 17, 2007. On January 14, 2008, the Supreme Court denied Brown’s petition for a writ of certiorari on the Court of Appeals decision. Brown v. Texas, 552 U.S. 1151, 128 S.Ct. 1088, 169 L.Ed.2d 825 (2008).
On August 11, 2008, Brown filed a state habeas petition challenging his aggravated robbery conviction.[2] The Harris County District Court then recommended to the CCA that the state habeas petition be denied and adopted the State’s proposed findings of fact and conclusions of law. Those findings of fact and conclusions of law specifically stated that the “contents of official trial court records and appellate record in cause number 990261” (the aggravated robbery conviction) demonstrate that on “August 22, 2007, the Court of Criminal Appeals refused Applicant’s petition for discretionary review.” The CCA denied the petition on December 17, 2008, without written order on the findings of the trial court. To reiterate, the findings adopted by the trial court were that Brown’s robbery PDR was refused on August 22, 2007. So, by adoption of written findings, both the trial court and the CCA found that Brown’s robbery PDR was refused on August 22, 2007.
Subsequently, Brown timely filed separate federal habeas petitions on each conviction on February 6, 2009. However, the district court consolidated the petitions. The State of Texas moved for summary judgment, asserting a time bar with regard to the robbery petition.[3] Texas argued that the deadline for filing a robbery PDR was March 16, 2007, and that Brown had failed to file a robbery PDR. Further, the State asserted that the mandate on the robbery conviction had issued on May 7, 2007. The district court agreed and dismissed the claims regarding the aggravated robbery conviction as time barred. The district court further found that Brown had not shown due diligence and was therefore not entitled to equitable tolling.
Brown then sought and was granted a certificate of appealability (COA) from this Court to appeal the dismissal with prejudice of his petition. This Court found that, “Brown has shown that jurists of reason would debate the district court’s finding that his habeas claims challenging the aggravated robbery conviction were time barred.” This Court then granted the COA on the issue of whether the conflict between the case number on the PDR and the substance therein should affect the time bar analysis. The majority finds that it should not. I disagree.
The majority finds that there is “clear evidence that a finding that the robbery petition was denied in August 2007 was mistaken.” I disagree. The only court to previously find that there was any error in the state court was the U.S. district court. Further, the finding that Brown’s robbery PDR was refused on August 22, 2007, was adopted by the Harris County District Court pursuant to Brown’s state habeas petition. The CCA — the very court that refused the PDR — then denied Brown’s state petition based on those findings. In other words, the very court that refused the robbery PDR later acknowledged in the state habeas proceeding that Brown’s robbery PDR was refused on August 22, 2007. If not, then Brown’s aggravated robbery PDR would still be pending. Despite the issuance of the mandate on May 7, 2007, the same court subsequently found *409 that the robbery PDR was refused on August 22, 2007. Further, as stated previously herein, the caption of the decision of the Court of Appeals of Texas was later updated to explicitly state that discretionary review was refused on August 22, 2007. See Brown, 212 S.W.3d 851.
The district court’s analysis of this matter is very telling. The court said:
Appeal cause number 01-05-0074-CR is the number assigned by the Texas Court of Appeals to the appeal challenging trial court cause number 990261, which is Petitioner’s conviction for aggravated robbery. Number 01-05-0075-CR is the number assigned by the Court of Appeals to the appeal challenging trial court number 990262, the conviction for impersonating a public servant. Appellate cause number PD-0167-07 is the number assigned by the Texas Court of Criminal Appeals to the final stage of the appeal challenging trial number 990261 (aggravated robbery), corresponding to Court of Appeals number 01-06-0074-CR. Number PD-0168-07 is the number assigned by the Court of Criminal Appeals to the appeal of trial number 990262 (impersonating a public servant), corresponding to appellate cause number 01-06-0075-CR.
(Emphasis added).
Brown’s Court of Appeals numbers were 01-05-00074-CR and 01-05-00075-CR. Of the other two cited by the district court, 01-06-00074-CR is Robert Allen Pisatu-ro’s case, and 01-06-00075-CR is not a valid cause number. I quote this portion of the Memorandum on Dismissal to illustrate that, in its own analysis, the district court was unable to accurately refer to the actual cause numbers at issue. Yet the district court, and now the majority, found Brown’s petition to be time barred for that very reason.
The district court further said: “This Court does not sit to revisit the application of state procedural matters by state appellate courts and their clerks.” However, that is exactly what the district court did. Rather than accept the findings of the state courts, the district court revisited the issue and determined that the state courts were wrong. The majority now affirms this revisitation.
This Court has previously held that a notice of appeal filed in the wrong cause number was still effective, even when the appellant “has not moved to correct his mistake” in listing an incorrect cause number, “so long as the ‘intent to appeal from a specific ruling can fairly be inferred by probing the notice and the other party was not misled or prejudiced.’ ” Hernandez v. Thaler, 630 F.3d 420, 425 (5th cir.2011). Such is the case here.
Brown timely filed an aggravated robbery PDR. Though it was assigned the cause number of the impersonation conviction, the argument only pertained to the robbery conviction. To reiterate, there was no requirement under the Texas rules that Brown even include the cause number, thus indicating an explicit duty on the part of the court to infer the intent upon probing the filing and determining the appropriate cause. See id. Based on the later findings of the trial court and the CCA, it is reasonable to infer that the state court probed the filing, determined the appropriate cause, and that the CCA refused both of Brown’s PDRs on August 22, 2007. Brown then timely sought cer-tiorari with the Supreme Court. As stated previously, the Supreme Court denied Brown’s petition for certiorari on January 14, 2008, the date Brown’s conviction became final. Brown then had one year, absent tolling, to file his federal habeas petition. On August 11, 2008, after 210 days of the one-year period had elapsed, Brown filed a state habeas petition challenging the aggravated robbery conviction. On December 17, 2008, the CCA denied *410 the petition without written order on the findings of the trial court. Brown then had 156 days remaining to file a federal habeas petition challenging his aggravated robbery conviction. Brown timely filed this petition on February 9, 2009.
For these reasons, I would reverse the district court’s dismissal of Brown’s federal habeas petition. Therefore, I respectfully dissent.

. The applicable cause numbers are as follows:

Robbery Impersonation

Harris Co. 990261 990262 District Ct.:
Texas 01-05-00074-CR 01-05-00075-CR Court of Appeals:
Court of PD-0167-07 PD-0168-07 Criminal Appeals:

. On May 16, 2008, Brown filed a state habe-as petition on his impersonation conviction. The CCA denied the petition on October 29, 2008.

. In die interest of clarity, I am foregoing a discussion of the outcome of the impersonation petition as that is not part of the appeal before us.