# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-40259
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 11, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RUDY ARRIOLA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:13-CV-377

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:[*]

Rudy Arriola, federal prisoner # 26353-001, pleaded guilty to being a felon in possession of a firearm and was sentenced under the Armed Career Criminal Act (ACCA) to 180 months in prison based upon his three prior Texas convictions for burglary of a habitation and his prior Texas conviction for burglary of a building. He appeals the district court's dismissal of his Federal Rule of Civil Procedure 60(b) motion, which followed the dismissal of his 28

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

U.S.C. § 2255 motion. The district court found that the Rule 60(b) motion, which raised a new claim that his predicate offenses were invalidated under *Johnson v. United States,* 135 S. Ct. 2551 (2015), was an unauthorized successive § 2255 motion over which it lacked jurisdiction. Nevertheless, the district court granted a certificate of appealability on the issue.

Arriola does not challenge the district court's determination that his postjudgment motion raised a new claim for relief that rendered it an unauthorized successive § 2255 motion. Instead, he argues that he is actually innocent of his sentence, that he is entitled to equitable tolling, and that his burglary convictions are no longer predicate offenses based on *Johnson.* When an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed that issue. *Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Although pro se briefs are afforded liberal construction, arguments must be briefed in order to be preserved. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Because Arriola fails to raise any argument regarding the district court's dismissal of the Rule 60(b) motion, any challenge to the dismissal is abandoned. Arriola has abandoned his sole issue on appeal by failing to brief it, and, regardless, because his Rule 60(b) motion raised a new claim for relief, it was a successive § 2255 motion over which the district court lacked jurisdiction, as he failed to receive the requisite authorization from this court. *See Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005); *see also United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000). Consequently, Arriola has not shown that the district court abused its discretion by dismissing his Rule 60(b) motion. *See Hernandez v. Thaler,* 630 F.3d 420, 428 (5th Cir. 2011).

The judgment of the district court is AFFIRMED.