# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40293

BUFORD RANDLE,

United States Court of Appeals
Fifh Circuit

**FILED**

November 30, 2017

Lyle W. Cayce
Clerk

Petitioner-Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No.  2:16-CV-21

Before SMITH, WIENER, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Petitioner-Appellant Buford Randle, Texas prisoner # 1970284, filed a motion in this court seeking a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2254 application in which he challenges his convictions for evading arrest and possession of cocaine.  Randle raised claims in the district court that his counsel had rendered ineffective assistance in numerous respects, mainly related to (1) his mental health or (2) his claim

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40293

that his guilty plea was involuntary because he was heavily medicated when he pleaded. To obtain a COA, Randle must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

This court must examine the basis of its jurisdiction, sua sponte if necessary. *Hernandez v. Thaler*, 630 F.3d 420, 424 & n.1 (5th Cir. 2011). Randle's notice of appeal was filed more than 30 days after the entry of the final judgment denying his § 2254 petition. That made his notice of appeal untimely. *See* FED. R. APP. P. 4(a)(1)(A), (c)(1). A federal habeas proceeding is civil in nature. When the time in which to file a notice of appeal in a civil case is set by statute, it is jurisdictional. *Hamer v. Neighborhood Hous. Serv. of Chicago*, ___ S. Ct. ___, No. 16-658, 2017 WL 5160782, *6-7 (U.S. Nov. 8, 2017); *Bowles v. Russell*, 551 U.S. 205, 214 (2007). We therefore lack jurisdiction in this case because Randle's notice of appeal was untimely. Randle's appeal is DISMISSED for lack of jurisdiction, and his request for a COA is DENIED as MOOT.