# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
April 9, 2020

Lyle W. Cayce
Clerk

No. 19-50507

JOSE ANTONIO GUERRERO-YANEZ,

Petitioner-Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:18-CV-273

Before HAYNES, GRAVES, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

A jury convicted Jose Antonio Guerrero-Yanez, Texas prisoner # 1926789, of multiple sexual crimes and sentenced him to life in prison. He requests a certificate of appealability (COA) to appeal the district court's dismissal of his 28 U.S.C. § 2254 petition as time-barred.

This court must consider its jurisdiction sua sponte when necessary. *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). The filing of a timely "notice

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of appeal in a civil case is a jurisdictional requirement," and an appeal that has not been made within statutory time limits must be dismissed for lack of jurisdiction. *Bowles v. Russell*, 551 U.S. 205, 213-14 (2007). Proceedings under § 2254 are civil. *See Hernandez v. Thaler*, 630 F.3d 420, 424 (5th Cir. 2011). Where, as here, the United States is not party, the notice of appeal in a civil case must be filed within 30 days after the entry of the judgment or order being appealed. FED. R. APP. P. 4(a)(1)(A).

Guerrero-Yanez filed his notice of appeal more than 100 days after the dismissal of the § 2254 petition and at least 60 days after the denial of his motion for reconsideration, which is construed as a motion under Federal Rule of Civil Procedure 60(b). Because the notice of appeal is untimely as to any district court order, the appeal is DISMISSED for lack of jurisdiction, and the COA motion is DENIED as moot. *See Bowles*, 551 U.S. at 213.