# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-20468

United States Court of Appeals
Fifth Circuit

**FILED**

October 20, 2020

Lyle W. Cayce
Clerk

CARL EDMOND YANCY,

> Petitioner-Appellant

v.

BOBBY LUMPKIN, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

> Respondent-Appellee.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CV-3593

Before HIGGINBOTHAM, SOUTHWICK, and WILLETT, Circuit Judges.

PER CURIAM:[*]

A jury convicted Carl Edmond Yancy, Texas prisoner # 1842638, of aggravated sexual assault of a child under the age of 14. He was sentenced to 45 years in prison. He requests a certificate of appealability (COA). The district court dismissed Yancy's 28 U.S.C. § 2254 petition as time barred. Yancy also moves for leave to proceed in forma pauperis (IFP) on appeal.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-20468

This court must consider its jurisdiction sua sponte when necessary. *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). The filing of a timely "notice of appeal in a civil case is a jurisdictional requirement," and an appeal that has not been made within statutory time limits must be dismissed for lack of jurisdiction. *Bowles v. Russell*, 551 U.S. 205, 213-14 (2007); *Hamer v. Neighborhood Hous. Servs.*, 138 S. Ct. 13, 17 (2017); 28 U.S.C. § 2107(a). Proceedings under § 2254 are civil. *See Hernandez v. Thaler*, 630 F.3d 420, 424 (5th Cir. 2011). Where, as here, the United States is not party, the notice of appeal in a civil case must be filed within 30 days after the entry of the judgment or order being appealed. Fed. R. App. P. 4(a)(1)(A). Yancy filed a notice of appeal more than a year after the dismissal of the § 2254 petition. Because the notice of appeal is untimely, the appeal is DISMISSED for lack of jurisdiction. *See Bowles*, 551 U.S. at 213. The motions for a COA and for leave to proceed IFP are DENIED.