# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 1, 2022

Lyle W. Cayce
Clerk

No. 21-10301
Summary Calendar

Barton Ray Gaines,

*Petitioner—Appellant*,

*versus*

Bobby Lumpkin, *Director*, *Texas Department of Criminal Justice,
Correctional Institutions Division*,

*Respondent—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:08-CV-147

Before Stewart, Haynes and Ho, *Circuit Judges*.

Per Curiam:*

Barton Ray Gaines, former Texas prisoner # 1139507, has moved for a
certificate of appealability (COA) to appeal the district court's disposition of
his Federal Rule of Civil Procedure 60(b)(6) motion.  He sought relief from

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-10301

the judgment dismissing as time barred his 28 U.S.C. § 2254 application in which he challenged his convictions for aggravated robbery with a deadly weapon.  The district court found that the motion should be dismissed in part as an unauthorized successive § 2254 application and concluded that the motion otherwise was untimely and did not allege exceptional circumstances.  Also, the district court denied Gaines's motion to recuse the district court judge.

Gaines argues that the district court erred in dismissing his Rule 60(b) motion in part as a successive § 2254 application.  He asserts that his motion alleged an apparent defect in the integrity of the federal habeas proceedings, specifically, a conflict of interest involving his habeas counsel, and contended that the conflict affected whether his § 2254 application was timely filed.  Also, he contends that his Rule 60(b)(6) motion, which was filed more than 12 years after the judgment dismissing his § 2254 application, was filed in a reasonable time after he discovered the conflict and presented exceptional circumstances.  He further asserts that the district court erred in denying his motion to recuse.

A prisoner is entitled to a COA if he makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Gaines must show that reasonable jurists could debate the correctness of the disposition of the Rule 60(b) motion.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Hernandez v. Thaler*, 630 F.3d 420, 428 (5th Cir. 2011).

Gaines has not made the required showing.  Accordingly, his motion for a COA is DENIED.  His motion to proceed in forma pauperis on appeal also is DENIED.

A COA is not required to appeal the denial of a motion to recuse. *Trevino v. Johnson*, 168 F.3d 173, 176-78 (5th Cir. 1999).  Gaines fails to show that the district court judge was biased against him, and he provides nothing

2

No. 21-10301

to suggest that the judge's impartiality might reasonably be questioned. *See* 28 U.S.C. § 455(a), (b)(1); *United States v. Scroggins*, 485 F.3d 824, 830 (5th Cir. 2007). The denial of the motion to recuse is AFFIRMED.