# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-60740

United States Court of Appeals
Fifth Circuit

**FILED**

October 21, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ATHENA MARIE BYRD,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:16-CV-111
USDC No. 2:11-CR-46-1

Before HIGGINBOTHAM, SOUTHWICK, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Athena Marie Byrd, federal prisoner # 14926-042, seeks a certificate of appealability (COA) to appeal the district court's denial of her 28 U.S.C. § 2255 motion to vacate the 235-month sentence imposed after she pleaded guilty to kidnaping and conspiracy to kidnap, in violation of 18 U.S.C. § 1201. She also challenges the district court's denial of her motion for a sentencing reduction and asks for our permission to appeal in forma pauperis (IFP), as the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court found her appeal was not taken in good faith and denied her motion to appeal IFP.

The sole argument Byrd presents is that her sentence was erroneously enhanced six levels under U.S.S.G. § 2A4.1(b)(1), which applies in kidnapping cases when a ransom demand was made. Relying on *United States v. Reynolds*, 714 F.3d 1039 (7th Cir. 2013), she contends that the enhancement does not apply to the facts of her case because she and her codefendants made demands for payment to their kidnapping victim, not to a third party.

Byrd's motion for a sentencing reduction was not authorized under 18 U.S.C. § 3742, 18 U.S.C. § 3582(c), Federal Rule of Criminal Procedure 35, or the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5194-249 (2018). The motion for a sentencing reduction was an unauthorized, "meaningless motion" which the district court lacked jurisdiction to entertain. *United States v. Early*, 27 F.3d 140, 141-42 (5th Cir. 1994). Byrd's appeal of the denial of her unauthorized motion is without arguable merit and is therefore frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

To appeal the denial of her § 2255 motion, Byrd must first obtain a COA. 28 U.S.C. § 2253(c). For us to grant a COA, a movant must make "a substantial showing of the denial of a constitutional right." § 2253(c)(2); *see Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Although Byrd's motion to vacate included claims that her sentence was erroneous in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), and that she received ineffective assistance of counsel, she presents no arguments regarding these issues, and we consider them to have been abandoned. *See Hernandez v. Thaler*, 630 F.3d 420, 426 n.24 (5th Cir. 2011).

Byrd has not demonstrated that jurists of reason could disagree with the denial of her § 2255 motion. *See Miller*-El, 537 U.S. at 327; *United States v.*

No. 18-60740

*Williamson*, 183 F.3d 458, 462 (5th Cir. 1999).    Her motion for a COA is therefore DENIED IN PART and DENIED IN PART as unnecessary.  To the extent that a COA is unnecessary to appeal the denial of Byrd's motion for a sentencing reduction, her appeal is DISMISSED AS FRIVOLOUS, and her motion for leave to appeal IFP is DENIED.  *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997); 5TH CIR. R. 42.2.